# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY WAYNE STOKES | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:14-cv-02268-MHH-JHE |
| CELLIE WAYNE MILLER, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Timothy Wayne Stokes filed a *pro se* complaint and amended complaints on the form normally utilized by prisoners seeking monetary damages or injunctive relief pursuant to 42 U.S.C. § 1983 for violations of civil rights. (Docs. 1, 9, & 10). He identified Dana Adkins, attorney Cellie Wayne Miller, and Jefferson County Judge Teresa B. Petelos as defendants. (Doc. 1 at 1; doc. 9 at 1;[1] doc. 10 at 1). For relief, he requests the court order the state court to allow him to file another Rule 32 petition. (*Id.* at 4). In accordance with the usual practices of this Court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

### I. Standard of Review

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, 28 U.S.C. § 1915A, requires the court to screen complaints filed by prisoners against officers or

---

[1] Attached to the last page of the first amended complaint is a sheet of paper where the plaintiff writes, "I can't get the address for these names[,]" and proceeds to list Joana Milkay, Polly Rodriguez, Dr. David Bernard, Janel Carr, and David Carr. (Doc. 9 at 5). The plaintiff makes no allegations against any of these individuals in the body of his complaints. (*Id.*). Because there are no allegations against any of these defendants, any claim against these individuals would be due to be dismissed.

employees of governmental entities and to dismiss the complaint or any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. Where practicable, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

A dismissal pursuant to § 1915A(b)(1) for failure to state a claim is governed by the same standards as dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## II. Procedural History

In his original complaint, the plaintiff alleges Dana Adkins falsely testified he sodomized her son, but he is innocent because he "was out of state when this went on." (Doc. 1 at 3). He filed a Rule 32 petition "based on newly discovered evidence[,]" but the petition was denied. (*Id.*). For relief, the plaintiff asks this court to "[r]ule me to file another Rule 32." (*Id.* at 4).

On April 13, 2015, the undersigned entered an order notifying the plaintiff his complaint was deficient and directed him to file an amended complaint in accordance with specified instructions. (Doc. 7 at 1-2). On May 4, 2015, the plaintiff filed two amended complaints. (Docs. 9 & 10). Because the plaintiff is *pro se* and his pleadings should be liberally construed,

*see Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), the undersigned considers the complaint and amended complaints together.

Additionally, the plaintiff (then petitioner) filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, for which the undersigned was the referral magistrate judge. *See Timothy Wayne Stokes v. Karla Jones, et al.,* Case No. 2:14-cv-00270-VEH-JHE, doc. 1 (N.D. Ala. filed Feb. 14, 2014) ("Stokes' Habeas Petition"). That petition challenged the same state court convictions the plaintiff alludes to in this civil rights action. *See id.*

### III. Factual Allegations

The plaintiff alleges Dana Adkins "lied on me in court [by] telling the Judge" he sodomized her son. (Doc. 1 at 3). Birmingham attorney Cellie Wayne Miller "lied on the case to help her get" the plaintiff "off the streets[.]" (Doc. 9 at 3). The plaintiff "was out of state when" the crime occurred, and although he filed a "Rule 32 [petition] based on [this] newly discovered evidence," the petition was denied. (Doc. 1 at 3). The state court judge assigned to his case, Teresa B. Petelos "help[ed] the lawyer and Dana Adkins to get me off the street with all the lies that Dana said." (Doc. 10 at 2, 4). He declares his innocence, and moves this court to direct that he be allowed "to file another Rule 32." (Doc. 9 at 3-4; Doc. 10 at 4).

### IV. 28 U.S.C. § 2254 Habeas Corpus Petition

The state court procedural history of the plaintiff's convictions was set out in the report and recommendation addressing his federal habeas corpus petition, and it reads:

> On March 28, 2008, Stokes was convicted, upon his guilty plea, of one count of first-degree sexual abuse and three counts of first-degree sodomy in the Circuit Court of Jefferson County, Alabama. (Doc. 1 at 2 & 6 at 3). Stokes received a life sentence as a result of the conviction. (Doc. 6 at 3). Stokes did not directly appeal his conviction or sentence. (*Id.*).
>
> On or about April 24, 2009, Stokes filed a Rule 32 post-conviction petition in the Circuit Court of Jefferson County. (Docs. 6-1, 6-2, & 6-3). Stokes asserted the following claims (1) his plea was unlawfully induced or not made voluntarily;

3

>   (2) he was denied effective assistance of counsel (3) newly discovered material facts exist which require[] relief; and he failed to appeal within the prescribed time and the failure was not his fault. (Docs. 6 at 3 & 6[-]1). On June 10, 2009, the Circuit Court denied Stokes' Rule 32 petition. (Docs. 6-1, 6-2, & 6-3). Stokes did not appeal.
>
>   On May 16, 2012, Stokes filed another Rule 32 petition with the same allegations as the first and it was denied. (Docs. 6 at 4, 6-4, & 6-5). Stokes did not appeal.
>
>   On October 17, 2013, Stokes moved to withdraw his guilty plea, and it was denied. (Docs. 6-6 & 6-7). Stokes appealed to the Alabama Court of Criminal Appeals. (Doc. 6-8). On December 17, 2013, the Alabama Court of Criminal Appeals dismissed his appeal and issued a certificate of judgment. (Docs. 6-8 and 6-9).

*Stokes' Habeas Petition*, doc. 8 at 1-2 (footnote omitted).

In his February 14, 2014 habeas petition, the plaintiff alleged he "was dating the" complainant and "she falsely reported" the sexual abuse of the victim. (*Id.,* doc. 1 at 5). He contended there was a lack of evidence to prove his guilt because "professional evidence" would have proven her complaints were untrue. (*Id.*). He also alleged his trial counsel, Cellie Miller, was ineffective for failing to "challenge the hearing complaints with specific proof of evidence." (*Id.*).

The undersigned recommended the habeas petition be dismissed as untimely pursuant to 28 U.S.C. § 2254(d). (*Id.*, doc. 8 at 3-4). The court also considered whether a demonstration of actual innocence could excuse the time bar, but found that

>   Stokes has not asserted he is actually innocent, *see Ray v. Mitchem*, 272 Fed. Appx. 807, 2008 WL 887379 at *3 (11th Cir. 2008) (stating "[t]o meet the 'threshold showing of innocence' in order to justify a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.' "'[A]ctual innocence" means factual innocence, not mere legal insufficiency.'") (citations omitted), and Stokes alleges nothing showing he is entitled to equitable tolling.[2] *See Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006).

4

> [2] The Eleventh Circuit Court of Appeals has recognized the limitations period under § 2241(d)(1) may be equitably tolled "when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with due diligence. *Sandvick v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

(*Id*. at 4). The undersigned recommended the claims be dismissed as time barred. (*Id.*). Even if the claims were not time barred, the undersigned opined the claims were procedurally defaulted "because Stokes did not exhaust his state court remedies through the appeals process, and it is now too late to return to state court and exhaust those claims." (*Id.* at 5).

On August 29, 2014, United States District Judge Virginia Emerson Hopkins adopted and approved the "finding and recommendations" in the report and recommendation. (*Id.*, doc. 9 at 1). The court dismissed the habeas petition and denied a certificate of appealability. (*Id.*, doc. 10). The plaintiff did not seek federal appellate review.

### V. Analysis

Based on the plaintiff's allegations, it appears he is attempting to allege he has been denied access to the court because the state court improperly denied his previous Rule 32 petition. Prisoners have a constitutional right to access to the courts, which requires a prisoner be afforded an "adequate, effective, and meaningful" way to bring his post-conviction claims before the court. *Bounds v. Smith*, 430 U.S. 817, 822 & 828 (1977); *see also Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998).

Here, the plaintiff was afforded numerous adequate, effective, and meaningful ways to bring his current allegations against Adkins, Miller, and Judge Petelos. He could have timely followed state procedural rules and filed due process claims in the state trial and appellate courts alleging, for example, he had been denied a "fair trial in a fair tribunal" as set out in *Withrow v.*

*Larkin,* 421 U.S. 35, 46 (1975) and its progeny.  Thereafter, he could have pursued relief through the federal habeas corpus process.

The plaintiff's access to court claims against defendants Adkins and Miller also fail because neither Adkins nor Miller are "state actors."  To state a claim pursuant to § 1983, "'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  The plaintiff has not only failed to allege he suffered a constitutional deprivation, but he also has failed to state facts establishing defendants Adkins or Miller are state actors.  To the extent Judge Petelos is a state actor, the plaintiff's allegations are insufficient to support a conspiracy claim under § 1983, as they are no more than naked assertions absent supporting operative facts. *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Furthermore, the plaintiff's request for relief could also be construed not as a request for an injunction to prevent the state from "blocking" his filing of a Rule 32 petition, but as a request for an injunction ordering the state court to reopen his post-conviction proceedings.  However, "[a] civil rights suit is no more a proper method of collateral attack on a conviction when an injunction is sought than when damages are sought." *Hoard v. Reddy*, 175 F.3d 531, 533 (7th Cir. 1999) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  Because the state court procedural history of his cases, as well as the 28 U.S.C. § 2254 proceedings, establish the plaintiff was not deprived of his Fourteenth Amendment constitutional right to access the courts, this claim is due to be dismissed.

## VI. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** this action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

## VII. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

The plaintiff may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 12th day of December 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE