UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY WAYNE STOKES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:14-cv-02268-MHH-JHE |
| CELLIE WAYNE MILLER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On February 12, 2016, the magistrate judge entered a report in which he recommended that the Court dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. (Doc. 13). The magistrate judge informed plaintiff Timothy Wayne Stokes of his right to file "specific written objections" to the report and recommendation "within fourteen (14) calendar days from the date the report and recommendation is entered." (Doc. 13, p. 7). Mr. Stokes did not file objections to the report and recommendation. Neither did the defendants.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d

776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

Although he did not file objections, Mr. Stokes has filed two motions. On February 23, 2016, Mr. Stokes filed a "Motion to Stay Proceedings to Enforce a Judgment." (Doc. 14).[2] He requests that this action be stayed:

> until the court enters judgment on the motion to compel discovery [] pending in this court and for good cause would show the following:
>
> 1.) time to perfect the plan[,]
>
> 2.) to contact the circuit court to gather legal proof, discovery evidence, such as legal documentation[,]
>
> 3.) time to gather court transcript, incident report, witness list, case action summary sheet, pre-sentence investigation, etc.[, and]
>
> 4.) the time frame needed to exhaust my state remedies is at least fourteen (14) to (21) twenty-one days.

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C).

[2] Because prisoners proceeding *pro se* have virtually no control over the mailing of their pleadings, their pleadings are deemed filed when the prisoner delivers the pleading to prison or jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). Although the record contains no information regarding the date on which Mr. Stokes gave his motion to jail officials to mail, he signed the motion on February 23, 2016. Therefore, the Court deems the motion filed on that date.

(Doc. 14, pp. 1-2).  Mr. Stokes states, "[t]his will give the court the proper time to respond back and give me the time needed to exhaust state remedies." (Doc. 14, p. 2).

Mr. Stokes has not filed a motion for discovery in this case, and, even if he had, the Court would deny the motion as premature.  Mr. Stokes makes requests for time to perfect a plan, gather evidence, and exhaust state remedies, presumably in an effort to obtain relief from his state conviction and sentence.  As the magistrate judge explained in his report and recommendation, Mr. Stokes already has pursued a 28 U.S.C. § 2254 habeas corpus petition challenging the state court conviction to which he alludes in this civil rights action.  (Doc. 13, p. 3) (citing *Timothy Wayne Stokes v. Karla Jones and the Attorney General for the State of Alabama,* Case No. 2:14-cv-00270-VEH-JHE, doc. 1 (N.D. Ala. filed Feb. 14, 2014)).  The district court denied Mr. Stokes's habeas petition.  (Doc. 13, p. 5).  Therefore, the Court denies Mr. Stokes's motion to stay.  (Doc. 14).

On September 30, 2016, Mr. Stokes filed a motion for production of documents.  (Doc. 15).  Mr. Stokes requests copies of all documents filed in this action.  Mr. Stokes explains that he:

> filed his civil action case on or about 11-24-14 and due to a major shake down at [] Easterling Correctional Facility[,] the documents were lost and if I have to further my appeal[,] I would need any and all documents that was [sic] filed into this court by the plaintiff that did support[] his cl[ai]m.

(Doc. 15, p. 1). The Court grants Mr. Stokes's motion for production of documents and asks the Clerk to please mail to Mr. Stokes copies of Documents 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

Having carefully reviewed and considered Mr. Stokes's complaint, amended complaints, and the report and recommendation, the Court finds no misstatements of law in the report and no plain error in the magistrate judge's description of the relevant facts. Therefore, the Court adopts the magistrate judge's report and accepts his recommendation. Accordingly, the Court will dismiss this case pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.

The Court will enter a separate final judgment.

**DONE** and **ORDERED** this October 14, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE